IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ECORE INTERNATIONAL, INC. | : |
| Plaintiff, | : CIVIL ACTION NO. 11-cv-6843 |
| v. | : |
| PAUL DOWNEY, CSR INDUSTRIES, INC., and PLITEQ, INC. | : |
| Defendants. | : |
| | : |
| PAUL DOWNEY, CSR INDUSTRIES, INC., and PLITEQ, INC., | : |
| Counter-Plaintiffs, | : |
| v. | : |
| ECORE INTERNATIONAL, INC. and ARTHUR DODGE, | : |
| Counter-Defendants. | : |

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in the interest of ensuring that matters raised by this proceeding are open to the public, and at the same time ensuring that confidential information submitted by the parties is not improperly disclosed, the following Stipulation and Protective Order ("Order") shall govern certain pretrial discovery and procedures:

1. This Order shall govern all documents, depositions, and other products of discovery produced by plaintiff, defendants, counter-plaintiffs, or counter-defendants, all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents produced pursuant to requests under Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admissions, answers to interrogatories, documents subpoenaed in connection with depositions, and deposition transcripts (collectively, "Discovery Material").

2. Such Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any other purpose. Control and distribution of all Discovery Material covered by this Order shall be the responsibility of the attorneys of record and any person having possession, custody, or control of Discovery Material pursuant to this Order. All Discovery Material, and copies thereof, if requested, shall be returned to the producing person within sixty (60) days of the final determination of this litigation, including any and all appeals, or, if agreed to in writing by counsel, a party possessing such Discovery Material shall certify in writing that the remaining copies of such documents have been destroyed. The provisions of this Order, insofar as they restrict the communication and use of the Discovery Material produced hereunder or information obtained from such Discovery Material shall, without written permission of the producing person or further order of the Court, continue to be binding after the conclusion of this action. The attorneys of record for each party may, however, retain all pleadings, briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate discovery material.

3. Parties may designate as "Confidential," or "Confidential Information Subject to Protective Order," or other similar designation (collectively, "CONFIDENTIAL INFORMATION"), Discovery Material that contains sensitive competitive, financial, or other information of a proprietary, personal, or confidential business nature that the public disclosure and use of, in the good faith judgment of the party making disclosure, would be so detrimental to that party as to normally warrant a protective order from the Court prohibiting such public disclosure and use.

SL1 1408813v1 040475.00055

4. The parties may also designate as appropriate documents and information as "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY INFORMATION" (collectively, "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY INFORMATION"). Documents are entitled to "ATTORNEY'S EYES ONLY" protection if the documents contain highly confidential business, competitive, or proprietary information or information that would or may be materially harmful or prejudicial to the producing party or its clients if disclosed. Either party may designate deposition testimony as ATTORNEY'S EYES ONLY should the necessity arise. The parties agree that a designation of material as "Highly Confidential" shall be equivalent to a designation of material as ATTORNEY'S EYES ONLY.

5. Copies of the Discovery Material shall be designated as CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY prior to production. Parties need not stamp original Discovery Material. In the case of depositions or other transcribed testimony, designations of CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY shall be made by the producing person at the time the testimony is given, and the court reporter shall affix the above legend on the upper right corner of each page of testimony so designated, affix the above legend on the front cover and title page of the transcript, and bind those portions of the transcript separately. In the event that the producing person inadvertently fails to designate Discovery Material as CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY, such producing person may make such a designation subsequently by notifying the other parties in writing within ten (10) days of production with respect to material produced or within fifteen (15) days of receipt of a deposition transcript, as appropriate. After receipt

3

of such notification, the parties to whom production has been made will stamp and treat that Discovery Material as CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY as so notified, subject to the right to proceed in accordance with Paragraph 13 below. Disclosure, prior to the receipt of such notice, of CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION to persons not authorized to receive CONFIDENTIAL INFORMATION shall not be deemed a violation of this Stipulation and Protective Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such persons to whom such disclosure was made who would not have been authorized to receive such CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION if such designation had been made prior to disclosure and such unauthorized individuals shall return the material so designated.

6. Discovery Material designated as CONFIDENTIAL INFORMATION shall be subject to the following restrictions:

(a) Such CONFIDENTIAL INFORMATION shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than the producing person, except:

(i) the attorneys of record for the parties in this litigation, the regular employees of such attorneys to whom it is necessary that the material be shown for the purpose of the litigation and counsel, regularly employed by any party and assisting in preparation of this case for trial;

(ii) any person employed by the attorneys of record for the parties to assist such counsel in this action, such as statisticians, economists, and other experts or

4

consultants, other than regular employees of the parties or regular employees of competitors of the parties provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A;

(iii) outside photocopying, document storage, data processing or graphic production services employed or retained by the parties or their counsel to assist in this litigation;

(iv) this Court, the appellate court(s), the Court's personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(v) employees of the parties, who counsel for the parties, exercising their good faith discretion, determine such disclosure is necessary for purposes of representing their respective clients in this matter provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A.

7. Discovery Material designated as ATTORNEY'S EYES ONLY shall be subject to the following restrictions:

(a) Such ATTORNEY'S EYES ONLY INFORMATION shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than the producing person, except:

(i) the outside counsel named as attorneys of record for the parties in this litigation, the regular employees of such outside counsel to whom it is necessary that the material be shown for the purpose of the litigation;

5

(ii) Outside photocopying, document storage, data processing or graphic production services employed or retained by the parties or their counsel to assist in this litigation;

(iii) Any outside expert, outside consultant, or outside investigator retained by counsel solely for the purposes of consulting or testifying in this litigation, provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A;

(iv) This Court, the appellate court(s), the Court's personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation.

8. Thereafter, if the requesting party desires to give, show, make available, discuss, or otherwise communicate such CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION in any way to any persons other than those referred to in paragraphs 6(a) and 7(a) above, such requesting party shall submit to the attorneys for the producing person a written statement specifically identifying the CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION to be disclosed and the general nature of the need for disclosure. The attorneys for the producing person shall have ten (10) days from the date the notification was received by them to object to the disclosure. If the parties are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be made only on such terms as the Court may provide.

(a) With regard to CONFIDENTIAL INFORMATION if the parties fail to resolve the dispute among themselves, it shall be the obligation of the party objecting to

6

the designation of material as "CONFIDENTIAL" to file, within five (5) days after notifying the producing party of its objections, an appropriate motion to obtain a prompt ruling from the Court concerning the confidentiality of the items in dispute and confidentiality in accordance with the terms of this Agreement shall be maintained pending the resolution of the dispute. It shall be the burden of the party objecting to such designation to establish, by a preponderance of the evidence, that the "CONFIDENTIAL" designation is unnecessary with respect to the items at issue.

(b) With regard to ATTORNEY'S EYES ONLY INFORMATION if the parties fail to resolve the dispute among themselves, it shall be the obligation of the producing party of the material designated as ATTORNEY'S EYES ONLY to file, within five (5) days after receipt of the receiving party's objections, an appropriate motion to obtain a prompt ruling from the Court concerning the confidentiality of the times in dispute and it shall be the producing party's burden to persuade the Court, by a preponderance of the evidence, that such designation is appropriate.

9. Discovery Material produced for inspection need not be designated as CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION and the production of Discovery Material for inspection shall not constitute a waiver of confidentiality. All Discovery Material produced for inspection shall be treated as confidential, however, until such time as the disclosing party produces copies of the Discovery Material with any appropriate confidentiality designations.

10. When CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION is used in connection with any motion or pretrial hearing, or otherwise submitted to the Court, it shall be filed under seal or submitted to the Court for

in camera inspection in an envelope or other sealed container prominently exhibiting the following notice:

> "This envelope contains documents that are subject to a Protective Order governing discovery and the use of confidential material entered by the Court in this Action. The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of the Court."

11. When CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION is, or will likely be presented, quoted, or referenced in any deposition, hearing, or other pretrial proceeding, attorneys for any party shall have the right to make arrangements, or, when appropriate, request the Court to implement procedures, to ensure that only persons who would be permitted access to said information under this Order are present during the presentation, quotation, or reference of such material. When CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION is disclosed in the course of a deposition, hearing, or other pretrial proceeding, only the deponent and those persons designated in paragraph 6(a) and/or 7(a) may be present during that portion of the testimony.

12. In addition to those persons designated in paragraph 6(a) and 7(a) above, CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION may also be disclosed during the course of depositions to deponents who, at the time of disclosure, are either (i) present employees of the party producing such CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION, (ii) former employees of the producing party who are identified on a thus designated document as its author or a recipient or as a participant or witness to the subject matter described in the document, or (iii) employees of non-parties, who, as part

of the duties for the non-party, authored, prepared, was an addressee of, received a copy of, or participated in the preparation of the CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION. Such disclosure may occur if the attorney making such disclosure first advises the deponent that pursuant to this Order such person may not divulge such Discovery Material to any other person, the deponent agrees to such nondisclosure on the record and the deponent executes the agreement attached hereto as Exhibit A.

13. A receiving party's acceptance of material constitution CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION pursuant to this Order shall not constitute an admission, or create an inference, that the material is in fact confidential within the Federal Rules of Civil Procedure. In the event counsel for the party receiving confidential material objects to the designation of any or all such items as CONFIDENTIAL or ATTORNEY'S EYES ONLY said counsel shall advise the producing party in writing of such objections and the reasons therefore. If the parties fail to resolve the dispute among themselves, the parties shall bring the matter to the attention of the Court in accordance with the provisions and procedures set forth in Paragraph 8, above. Pending resolution by the Court of any such motion, the parties agree to maintain the confidentiality of the subject material in accordance with the protections of the disputed designation. If a party acts in bad faith in causing a dispute over confidentiality to be brought before the Court, the Court may order that party to pay the opposing party's reasonable expenses incurred in opposing that dispute, including attorney's fees.

14. Any party or person in possession of CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION who receives a subpoena or other

9

process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION shall promptly and in any case within three (3) business days give written notice by overnight delivery, facsimile, or email to counsel for the producing party, identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of CONFIDENTIAL INFORMATION or ATTORNEY'S EYES ONLY INFORMATION to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

15. Nothing in this Order shall be deemed to limit or waive any right of any party to resist or compel discovery with respect to Discovery Material which may be claimed to be privileged or otherwise protected or protectable under Rule 26(b) or (c) of the Federal Rules of Civil Procedure, including an order that material shall not be produced at all. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision of the terms of this Order.

16. This Order does not prohibit the use or disclosure of information lawfully obtained by a party from a source other than the opposing party, provided that such source can lawfully disclose such information, even if such information is additionally contained in materials provided by the opposing party and designated as CONFIDENTIAL INFORMATION and/or ATTORNEY'S EYES ONLY INFORMATION under this Order. However, the materials provided by the opposing party and marked according to this Order shall be maintained as confidential, although the particular information contained therein which was independently obtained from such other source may be disclosed or used. The restrictions on use and disclosure set forth herein shall not apply to information that, prior to being obtained pursuant to pretrial discovery in this action, either was in the possession or knowledge of the party obtaining such information as a result of the disclosure of such information by a source which could lawfully disclose such information, or was demonstrably public knowledge. The restrictions on use and disclosure set forth herein shall not apply to information that, after being obtained, becomes demonstrably public knowledge other than by the act or omission of the party obtaining such information. Prior to use or disclosure of information which has been marked as CONFIDENTIAL and/or ATTORNEY'S EYES ONLY, the receiving party who believes it already had knowledge of the information or the information was public knowledge, shall notify the producing party of its position and substantiate, in writing, the basis for such prior knowledge.

17. This Order shall in no way constitute a waiver by any person of any objections to or right to contest any assertion or claim that particular documents or information constitute confidential or privileged material; provided, however, that all information and

documents produced and stamped with the protective legends provided herein shall be given the protections required by this Order unless and until otherwise determined by the Court.

18. The protection to be afforded Discovery Material hereunder at trial shall be determined by agreement of the parties, or by order of the Court, at a future date.

19. The duties to protect Discovery Material set forth in this Order apply only to Discovery Material that has been stamped with the legends set forth in this Order.

20. In the event that a producing person inadvertently produces a document believed in good faith to contain attorney-client, attorney work product, or any other applicable privilege protected from discovery under Rule 26 of the Federal Rules of Civil Procedure, that person shall notify the other parties in writing as soon as the inadvertent production is discovered. Following receipt of such notice, the parties shall return all originals and copies of the document to the notifying person, subject to the right of any party to seek an order ruling that the document is not protected by the attorney-client privilege, work product doctrine or any other applicable privilege.

21. Upon termination of the Action, the party receiving confidential material shall return all such confidential material and copies thereof to the producing party. In lieu of return of copies, counsel for the producing party may agree to accept a certification from the receiving party that all such copies have been destroyed.

| | |
|---|---|
| ECORE INTERNATIONAL, INC. and Arthur Dodge | PLITEQ, INC., CSR Industries, and PAUL DOWNEY |
| By their attorneys, | By their attorneys |
| s/*Elizabeth A. Ware*<br>Elizabeth A. Ware | s/*Andrew Gaillnaro*<br>Andrew Gallinaro, Esq. |

SO ORDERED:

_____
The Honorable R. Barclay Surrick, U.S.D.J.

Dated: April 4, 2016

Faxed 4/4/16
S. Wolfson
E. Ware
R. Nissim
A. Gallinaro
K. Kent
J. Sobieray
J. Beauple

13

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she has read the Stipulation and Protective Order governing discovery materials entered in Ecore International, Inc. v. Downey, CSR Industries, and Pliteq, Inc., Civil Action No. 11-6843, on _____, and that he/she understands and agrees to be bound by all provisions of the aforesaid Order.

Signed:_____

Dated:_____

```
************ -COMM. JOURNAL- ******************** DATE APR-04-2016 ***** TIME 17:07 ********

            MODE = MEMORY TRANSMISSION          START=APR-04 16:36    END=APR-04 17:07

            FILE NO.=073

    STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES       DURATION

      001     OK        &         16109880808             016/016     00:05:09
      002     OK        &         16103717912             016/016     00:05:48
      003     OK        &         12026862877             016/016     00:02:47
      004     OK        &         2158647403              016/016     00:04:45
      005     OK        &         2155239706              016/016     00:04:45
      006     OK        &         13123214299             016/016     00:05:06


                                                            -JUDGE R. BARCLAY SURRICK -

******************************** -         - ***** -                    - *********
```

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
8614 UNITED STATES COURTHOUSE
INDEPENDENCE MALL WEST
SIXTH AND MARKET STREETS
PHILADELPHIA, PENNSYLVANIA 19106-1741

*Chambers of*
*R. BARCLAY SURRICK*
*United States District Judge*

(267) 299-7630

April 4, 2016

To: **Joseph E. Wolfson, Esquire**
STEVENS & LEE
620 Freedom Business Center
Suite 200
P. O. Box 62330
King of Prussia, Pennsylvania 19406063
Email: jwo@stevenslee.com
Fax: 610-988-0808/09

**Elizabeth A. Ware, Esquire**
STEVENS & LEE
111 North 6th Street
Reading, Pennsylvania 19063
Email: eaw@stevenslee.com
Fax: 610-371-7912

**Robert C. Nissen, Esquire**
NISSEN & ASSOCIATES, LLP
5335 Wisconsin Avenue, Suite 440
Washington, DC 20015
Email: rnissen@nisseniplaw.com
Fax: 202-686-2877

**Andrew S. Gallinaro, Esquire**
**Kevin Dooley Kent, Esquire**
CONRAD O'BRIEN PC
1500 Market Street, Suite 3900
Philadelphia, Pennsylvania 19102-2100
Email: agallinaro@conradobrien.com
   kkent@conradobrien.com
Fax: 215-864-7403/215-523-9706