# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ECORE INTERNATIONAL, INC. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NOS. 11-6843, 16-1993 |
| PAUL DOWNEY, et al. | : | |

## ORDER

**AND NOW**, this  12th  day of October, 2018, upon consideration of Plaintiff's Motion for Summary Judgment (ECF No. 88), Defendants' Motion for Summary Judgment (ECF No. 85), and all documents submitted in support thereof and in opposition thereto, and for the reasons stated in the Memorandum concurrently filed herewith under seal, it is **ORDERED** that:

1. Plaintiff's Motion is **GRANTED** in part and **DENIED** in part as follows:

    a. Summary judgment is **GRANTED** in favor of Plaintiff as to Counterclaim I (Breach of Contract), Counterclaim II (*Quantum Meruit*/Unjust Enrichment), Counterclaim IV (*Quantum Meruit*/Unjust Enrichment), Counterclaim V (Promissory Estoppel), Counterclaim VI (Fraudulent Inducement), Counterclaim VII (Tortious Interference With Contract), and Count VIII (Tortious Interference With Prospective Contract), and these Counterclaims are **DISMISSED**.

    b. Summary judgment is **GRANTED** in part in favor of Plaintiff on Count IV (Breach of Contract) as to Defendant Paul Downey's liability for retention of Plaintiff's Proprietary Information.

    c. Summary judgment is **DENIED** on Counterclaim XIV (False Marketing) as to the issue of patent ownership.

2. Defendants' Motion is **GRANTED** in part and **DENIED** in part as follows:

a. Summary judgment is **GRANTED** in part in favor of Defendants on Count I (violation of the Lanham Act) as to the portions of that Count that are based on the alleged alteration of product test reports.

b. Summary judgment is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that within 10 (ten) days of the date of this Order, the parties shall jointly advise the Court, in writing, whether any party seeks to maintain the Court's Memorandum issued herewith, or any portion(s) thereof, under seal, and, if so, the party or parties so seeking shall show cause for such sealing under the applicable legal standard.[1]

**IT IS SO ORDERED**.

BY THE COURT:

R. BARCLAY SURRICK, J.

---

[1] "It is well-settled that there exists . . . a common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). "The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions 'a pervasive common law right to inspect and copy public records and documents, including judicial records and documents.' " *Id. (*quoting *Leucadia, Inc. v. Applied Extrusion Tech., Inc*., 998 F.2d 157, 161 (3d Cir.1993)). In order to override the common law right of access, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).